By the Court.—Curtis, Ch. J.
The defendant urges, that the verdict for the plaintiff cannot be sustained, because the damages awarded to him were not within the contemplation of the defendant when it made the contract, and that this case is governed by what was held in Baldwin v. United States Telegraph Co. (45 N. Y. 744). In the present case, the text of the message which the defendant failed to transmit until after a delay of several days, indicates upon its face no occasion for special care or the involving of the chartering of two vessels. There was no notice or information of any fact given to the defendant or contained in the message itself, indicating its importance or that special damages would result from any neglect. However strongly the plaintiff may have felt assured, acting as a broker in the matter, that the offer telegraphed to his principals would be accepted, ahd that he would get his five per cent, commission, yet there is nothing in the case that places these contingencies, in themselves uncertain and remote, within the contemplation of the defendant. It is true, the plaintiff’s principals might have accepted the offer, and paid the plaintiff the commissions, and their evidence is, that *495 they would have accepted it, if it had not been delayed by the neglect of the defendant, in failing to forward it immediately.
The claim of the plaintiff is for a special and contingent loss, and not for such a loss as was the natural and necessary consequence of the defendant’s neglect, or, such as from the surrounding circumstances, could even be inferred by the defendant.
The decision in Baldwin v. United States Telegraph Co. (45 N. Y. 744), that, where a special purpose is intended by one party and is unknown to the other, and does not appear by the message itself, in the assessment of damages, such special purpose cannot be taken into consideration, but that the damages must be limited to those resulting from the ordinary and obvious purpose of the contract, governs the case under consideration.
There should be a new trial, unless the plaintiff reduces his verdict to $2.05, the sum paid defendant to transmit the message, with interest from April 15,1872.
Sedgwick and Freedman, JJ„